RICHARD C. EYMANN
Eymann Allison Hunter Jones P.S.
2208 West Second Avenue
Spokane, WA 99201
(509) 747-0101
(509) 458-5977 (fax)

JOHN H. HOWARD, *Pro Hac Vice*
Lowthorp, Richards, McMillan,
Miller & Templeman
300 Esplanade Drive, Suite 850
Oxnard, CA 93036
(805) 981-8555
(805) 983-1967 (fax)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC WRIGHT, INDIVIDUALLY AND IN HIS CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STEVEN O. WRIGHT; AND, AMY SHARP, INDIVIDUALLY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA D.B.A. THE DEPARTMENT OF VETERANS AFFAIRS; and DOES 1-20, Inclusive,<br><br>Defendants. | No. 2:15-cv-00305-TOR<br><br>**PLAINTIFFS' MOTION AND MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION OF LEAVE OF COURT TO FILE AMENDED COMPLAINT FOR DAMAGES**<br><br>**NOTE ON MOTION CALENDAR:**<br>6/16/16<br>**WITH ORAL ARGUMENT – 10:30AM**<br>Ph:1-888-273-3658 |

PLAINTIFFS' MOTION AND MEMORANDUM OF
 AUTHORITIES IN SUPPOER OF MOTION OF LEAVE
OF COURT TO FILE AMENDED COMPLAINT FOR DAMAGES - 1

Plaintiffs, by and through their undersigned attorneys, hereby move the Court for an order allowing them leave to file an Amended Complaint for Damages. This motion is made pursuant to Fed.R.Civ.P. 15(a) and is based upon the records and files herein as well as the Declaration of Richard C. Eymann filed herewith. A [proposed] Order Granting Plaintiffs' Motion for Leave to File Amended Complaint for Damages is attached hereto as Exhibit A.

## I. BACKGROUND

This lawsuit arises out of allegations of the wrongful death of Eric Wright. Mr. Wright was being treated at Department of Veterans Affairs' Spokane Veterans Administration Medical Center for knee pain. The Veteran's Hospital was aware that Mr. Wright was a fall risk, and had actual or constructive knowledge of the defects in the Veteran's Hospital premises. And while leaving Mr. Wright the hospital on crutches and unassisted by any employees, Mr. Wright fell and hit his head on a steel rack and/or the pavement on the hospital premises. Mr. Wright was then reassessed in the emergency room and discharged. Mr. Wright died in his home a few hours after being discharged due to a brain hemorrhage.

The plaintiffs' original complaint was filed on November 3, 2015 and alleged, among other things, wrongful death, negligence, medical malpractice and an inference of negligence regarding the circumstances of Mr. Wright's fall. It listed non-physician employees working at the Veterans Hospital as parties to the complaint. Defendant United States' moved for dismissal based on lack of subject matter jurisdiction. Prior

to responding to the United States motion to dismiss, on April 26, 2016, plaintiffs' contacted counsel for the United States requesting a stipulation to amend the original complaint, which counsel for the United States has not approved.

Plaintiffs responded to the United States' motion to dismiss to clarify that the claims for damages against the United States are not limited to the actions of the individually named doctors and include claims for premise liability and negligent acts of non-physician employees of the Veteran's Hospital. Plaintiffs' response was also intended to clarify that doctrine of *res ipsa loquitor* is an inference of negligence, which was stated as a claim in the original complaint, and the doctrine of *res ipsa loquitor* can be used to infer negligence for premise liability and medical negligence claims. The United States' Reply indicates that there is still a misunderstanding as to how the doctrine of *res ipsa loquitor* is to be applied and that all claims the Plaintiffs' are making against the United States should be dismissed. Thus, plaintiffs', in an abundance of caution, seek leave from the Court to amend their original complaint.

## II. RELIEF REQUESTED

The purpose of the amending the original complaint is twofold: First, plaintiffs seek to correct the employment status of the individually named physicians. Since filing the original complaint, it has been represented that Defendants Medford Cashion, M.D. and Shea McManus, M.D. were independent contractors of Veteran Affairs, not agents or employees. Second, plaintiffs seek to amend the complaint for the convenience of all defendants in understanding the claims that the plaintiffs are

asserting against each defendant. Plaintiffs want to make clear that they are claiming negligence against the United States for premise liability and medical negligence, both which could be established through an inference of negligence, and these claims are not limited to the claims against other individually named defendants.

### III. POINTS AND AUTHORITIES

Fed.R.Civ.P. 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed.R.Civ.P. 15(a) specifically provides that leave shall be freely given when justice so requires. Thus, courts have ruled that Fed.R.Civ.P. 15(a) is to be liberally applied. *Eminence Capital, LLC v. Aspen, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In this regard, courts have held that the "'purpose of pleading is to facilitate a proper decision on the merits[,]'" and not to erect formal and burdensome impediments to the litigation process. *Forman v. Davis*, 371 U.S. 178, 181-82 (1962) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

In *Forman*, the Supreme Court set-forth several factors a district court ought to

PLAINTIFFS' MOTION AND MEMORANDUM OF
AUTHORITIES IN SUPPOER OF MOTION OF LEAVE
OF COURT TO FILE AMENDED COMPLAINT FOR DAMAGES - 4

consider when determining whether to grant leave to amend:

> In the absence of any apparent or declared reason —such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.

The "touchstone of the inquiry under rule 15(a)" is the resulting prejudice to the non-moving party. *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party").

The Court's Scheduling Conference provides a deadline to amend or add named parties on or before September 30, 2016. No prejudice will attend this Court's order granting plaintiffs' motion. Further, none of the *Forman* factors articulated above are present. Accordingly, defendants can show no actual prejudice by allowing an Amended Complaint for Damages to be filed and "the leave sought should, as the rules require, be 'freely given.'" *Forman*, 371 U.S. at 182. The proposed Amended Complaint for Damages is attached as Exhibit A to the Declaration of Richard C. Eymann filed herewith.

\\

\\

\\

PLAINTIFFS' MOTION AND MEMORANDUM OF
 AUTHORITIES IN SUPPOER OF MOTION OF LEAVE
OF COURT TO FILE AMENDED COMPLAINT FOR DAMAGES - 5

## IV. CONCLUSION

In view of the liberal construction of Fed.R.Civ.P. 15(a) and the lack of prejudice to defendants, plaintiffs respectfully request that the Court grant their Motion for Leave of Court to File Amended Complaint for Damages.

DATED this 13th day of May, 2016.

EYMANN ALLISON HUNTER JONES P.S.

_____s/ Richard C. Eymann_____
RICHARD C. EYMANN, WSBA #7470
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

PLAINTIFFS' MOTION AND MEMORANDUM OF
AUTHORITIES IN SUPPOER OF MOTION OF LEAVE
OF COURT TO FILE AMENDED COMPLAINT FOR DAMAGES - 6

I hereby certify that on May 13, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participants:

| | |
|---|---|
| Rudy J. Verschoor | Rudy.J.Verschoor@usdoj.gov |
| Elizabeth L. McAmis | Elizabeth@favros.com |
| Ketia B. Wick | ketia@jgkmw.com |
| Karin J. Mitchell | Karen@jgkmw.com |

                                                   s/Richard C. Eymann
                                                   RICHARD C. EYMANN