UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC WRIGHT, individually and in his capacity as personal representative of the ESTATE OF STEVEN O. WRIGHT; and AMY SHARP, individually,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, d/b/a THE DEPARTMENT OF VETERANS AFFAIRS; MEDFORD CASHION, M.D.; SHEA MCMANUS, M.D.; ESKRIDGE ENTERPRISES, LLC.; and DOES 1-5, Inclusive,<br><br>  Defendants. | NO:  2:15-CV-0305-TOR<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING GOVERNMENT'S MOTION TO DISMISS AS MOOT |

BEFORE THE COURT are the United States' Motion to Dismiss (ECF No. 20) and Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 27). These motions were submitted for consideration without oral argument. The Court has reviewed the motions and the file therein, and is fully informed.

ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT AND DENYING MOTION TO DISMISS AS MOOT ~ 1

## BACKGROUND

On November 3, 2015, Plaintiffs commenced this action for damages alleging medical malpractice and wrongful death. ECF No. 1. The United States moved to dismiss contending that Drs. Cashion and McManus were not its employees, but rather independent contractors for whom the United States' sovereign immunity from suit has not been waived. ECF No. 20. Plaintiffs then conceded that the physicians were independent contractors, not employees for which the United States could be liable for their negligence. ECF No. 25. However, Plaintiffs contended that their Complaint was not limited solely to the actions of these physicians, other bases of liability were alleged against the United States. *Id*. Thereafter, Plaintiffs sought to file an amended complaint in order to clarify their allegations. ECF No. 27.

The United States opposes Plaintiffs' motion. ECF No. 30. The remaining Defendants have not responded.

## DISCUSSION

The United States contends Plaintiffs' motion is governed by the standards of Fed. R. Civ. P. 16(b) (for good cause). The United States is mistaken. The good cause standard for amendment of pleadings only applies if the party seeks to amend a pleading after the date specified in the scheduling order. S*ee Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("party seeking to

amend pleading after date specified in scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15") (citation omitted). The instant motion to amend is well within the deadline to amend pleadings established by the Court in its Scheduling Order. ECF No. 19 at 2 ("Any motion to amend the pleadings . . . shall be filed no later than September 30, 2016.").

Next, the United States contends amendment would be futile. The United States has raised serious questions concerning the sufficiency of the proposed amended complaint as it is currently drafted. As drafted the proposed amended complaint may very well be deficient.

Federal Rule of Civil Procedure 15(a) provides that, except in circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). In ruling upon a motion for leave to amend, a court must consider whether the moving party acted in bad faith or unduly delayed in seeking amendment, whether the opposing party would be prejudiced, whether an amendment would be futile, and whether the movant previously amended the pleading. *United States v. Corinthian Colleges*,

ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT AND DENYING MOTION TO DISMISS AS MOOT ~ 3

655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining [factors], there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citation omitted).

The Court finds amendment is permissible. The Court finds there is no indication that Plaintiffs' move to amend is made in bad faith nor that a *properly worded amendment* would be futile. Additionally, Plaintiffs have not previously moved for leave to amend.[1] Finally, at this early stage in the proceedings, the Court finds neither undue delay nor that Defendants would be prejudiced by the requested amendment. Plaintiffs' motion is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 27) is **GRANTED**. Plaintiffs are permitted to file and serve an amended complaint within **fourteen (14) days** of entry of this order.
2. The telephonic hearing on Plaintiff's motion (ECF No. 27) which is set for June 16, 2016, is **VACATED**.

---

[1] Plaintiffs are reminded that all Doe defendants must be identified by a timely motion to amend the Complaint, as well. *See* ECF No. 19 at 2, Jury Trial Scheduling Order.

1    3.  The United States' Motion to Dismiss (ECF No. 20) is **DENIED** as moot as the Plaintiffs have now abandoned their first complaint.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** June 13, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT AND DENYING MOTION TO DISMISS AS MOOT ~ 5