UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC WRIGHT, individually and in his capacity as personal representative of the ESTATE OF STEVEN O. WRIGHT; and AMY SHARP, individually,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, d/b/a THE DEPARTMENT OF VETERANS AFFAIRS; MEDFORD CASHION, M.D.; SHEA MCMANUS, M.D.; ESKRIDGE ENTERPRISES, LLC.; and DOES 1-5, Inclusive,<br><br>　　　　　　　　Defendants. | NO: 2:15-CV-0305-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT are the United States' Motions to Dismiss for Failure to State a Claim (ECF No. 38), to Stay Discovery (ECF No. 53) and to Expedite Hearing on Motion to Stay Discovery (ECF No. 54); and Plaintiffs' Motions to Extend Amend Pleadings/Add Parties Deadline (ECF No. 56) and to

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 1

Expedite the Hearing on Motion to Extend Deadlines (ECF No. 57). These matters were heard with oral argument on August 30, 2016. Richard C. Eymann argued on behalf of Plaintiffs, while Rudolf J. Verschoor argued on behalf of the United States. Elizabeth L. McAmis appeared for Defendant Cashion and Michelle Taft appeared for Defendants McManus & Eskridge Enterprises LLC. The Court has reviewed the briefing, the record and files herein and heard from counsel, and is fully informed.

## BACKGROUND

On November 3, 2015, Plaintiffs commenced this action under the Federal Tort Claims Act ("FTCA"), alleging, among other things, negligence, medical malpractice and wrongful death. ECF No. 1; *see also* ECF No. 37 (First Amended Complaint). Specifically, Plaintiffs allege two claims against the United States Department of Veteran Affairs for the injury and wrongful death of decedent Steven O. Wright: (1) an inference of negligence claim, where Plaintiffs plead that "[t]he injuries and death which occurred would ordinarily have not resulted if defendants had used ordinary care and/or had appropriate policies," *id.* at ¶¶ 6.1-6.2; and (2) a negligence claim where Plaintiffs plead that the Department of Veteran Affairs hospital was negligent in "failing to have sufficient staff to assist patients to their transportation; failing to have appropriate policies for assisting patients to their transportation and/or providing wheelchairs to patients awaiting

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 2

discharge; and discharging and releasing Steven O. Wright, whom was a known fall risk … on crutches before the arrival and assistance of his transportation," *id.* at ¶¶ 9.1-9.5.

The United States now seeks to dismiss all claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(6) and 12(c).  The United States further moves to stay discovery and to expedite the hearing on this matter.  ECF Nos. 53, 54.

Plaintiffs move to extend the September 30, 2016 deadline to amend pleadings and add parties and to expedite the hearing on that matter.  ECF Nos. 56, 57.

## FACTS[1]

On August 2, 2014, Mr. Steven O. Wright presented to the Department of Veterans Affairs' Spokane Veterans Administration Medical Center ("VA Hospital") for evaluation and treatment of knee pain.  Mr. Wright, a 70-year-old

---

[1] The following facts are principally drawn from Plaintiff's First Amended Complaint and accepted as true for the instant motion.  In deciding a motion to dismiss under 12(b)(6) or 12(c), courts may consider allegations within or attached to the complaint, matters of judicial notice, and other extrinsic documents incorporated by reference.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 3

man with a history of knee pain and swelling due to a previous fall, sought out treatment after the pain, swelling and bruising of the knee had increased over the few days prior, which Plaintiffs allege was "due in whole or in part to [Mr. Wright] being prescribed and taking Coumadin for chronic atrial fibrillation." ECF No. 37 at ¶ 3.1.

Plaintiffs allege Mr. Wright was evaluated and discharged to return home with instructions to use crutches, despite being a "known fall risk." *Id.* While leaving the VA hospital, unassisted by staff, Mr. Wright fell into a steel wheelchair return rack just outside of the hospital, striking his head on either the rack and/or pavement. After the fall, Mr. Wright lay prone on the ground for an unknown amount of time until his friend, who had come to take him home, noticed him on the ground and summoned help.

Mr. Wright was evaluated and treated for the fall in the VA hospital emergency room. He was "found to have lacerations, skin abrasions to the right forehead, and a noticeable contusion to the right forehead." *Id.* at ¶ 3.2. Plaintiffs allege "Defendants addressed the wound, but failed to perform any diagnostic testing for inter cranial bleeding." *Id.* Mr. Wright was discharged home and died a few hours later due to a head injury.

Several months later, Plaintiffs, Mr. Wright's children, commenced this wrongful death action against Defendants. ECF No. 1. In the First Amended

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 4

Complaint, Plaintiffs allege, *inter alia*, the United States' negligence was the proximate cause of Mr. Wright's fall and head injury, which was a contributing cause of death. ECF No. 37 at ¶¶ 9.1-9.5. Essentially, Plaintiffs allege the United States did not exercise reasonable care when, prior to his fall, it failed to assist Mr. Wright to his transportation. *Id.*

## STANDARDS OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999)). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 5

A Rule 12(b)(6) motion tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. *See id.* at 675. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 6

2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted). Generally, in ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In contrast, when addressing a motion to dismiss for lack of subject matter jurisdiction, the court is not bound by the plaintiff's factual allegations. Pursuant to Rule 12(b)(1), the Court "may 'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'" *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). A Rule 12(b)(1) motion may be either facial, where the court's inquiry is limited to the allegations in the complaint; or factual, where the court may look beyond the complaint to consider extrinsic evidence. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "If the moving party converts 'the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). Accordingly, in

deciding jurisdictional issues, the court is not bound by the factual allegations within the complaint. *Augustine*, 704 F.2d at 1077.

## DISCUSSION

### A. Motion to Dismiss

The United States moves for dismissal on the following grounds: (1) Plaintiffs fail to identify a negligent government actor; (2) Plaintiffs fail to allege an actionable duty under state law; and (3) Plaintiffs fail to properly plead their inference of negligence claim. ECF No. 38.

The Court will evaluate each claim in turn.

"As sovereign, the United States can be sued only to the extent that it has waived its immunity from suit." *O'Toole v. United States*, 295 F.3d 1029, 1033 (9th Cir. 2002) (quotations and citation omitted). The FTCA waives the United States' immunity and provides governmental liability for "tort claims . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674; *see* 28 U.S.C. § 1346(b)(1) (stating the United States can be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). The federal district courts are granted exclusive jurisdiction for such claims where the government "would be liable in accordance with the law of the place where the act

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 8

or omission occurred." 28 U.S.C. § 1346. As such, the federal government assumes liability for, and the Court has jurisdiction over, "wrongs that would be actionable in tort if committed by a private party under analogous circumstances, under the law of the state where the act or omission occurred." *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

In Washington, tort actions based on injuries resulting from health care are governed by the statutory framework in RCW 7.70.010 *et. seq*. *See Miller v. Jacoby*, 145 Wash.2d 65, 72 (2001); *Grove v. PeaceHealth St. Joseph Hosp.*, 182 Wash.2d 136, 143-44 (2014). A plaintiff seeking damages "must prove his or her 'injury resulted from the failure of a health care provider to follow the accepted standard of care.'" *Keck v. Collins*, 184 Wash.2d 358, 371 (2015) (quoting RCW 7.70.030(1)). If a plaintiff alleges that a health care provider[2] failed to adhere to the accepted standard of care, as here, the plaintiff must demonstrate the following:

> (1) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances;
>
> (2) Such failure was a proximate cause of the injury complained of.

---

[2] The statutory definition of "health care provider" includes hospitals. *See* RCW 7.70.020(3).

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 9

RCW 7.7.040.

"The applicable standard of care and proximate causation generally must be established by expert testimony." *Grove*, 182 Wash.2d at 144 (citing *Berger v. Sonneland*, 144 Wash.2d 91, 111 (2001)); *Miller*, 145 Wash.2d at 72. Rare exceptions to this rule exist where a layperson is capable of balancing the costs and benefits of conducting a particular procedure, *Harris v. Robert C. Groth, M.D., Inc., P.S.*, 99 Wash.2d 438, 449 n.6 (1983); *Ripley v. Lanzer*, 152 Wash.App. 296, 307 (2009), or the negligence is observable to a person without medical training, for example, where the health care provider amputates the wrong limb, *Young v. Key Pharm., Inc.*, 112 Wash.2d 216, 228-29 (1989). In such instances, "the doctrine of res ipsa loquitur provides an inference of negligence from the occurrence itself which establishes a prima facie case sufficient to present a question for the jury." *Ripley*, 152 Wash.App. at 307. (citation omitted).

First, the United States argues that this Court is without jurisdiction because the FTCA requires a complaint to identify a government actor who allegedly acted negligently, and Plaintiffs have failed to do so.[3] ECF No. 38 at 7.

---

[3] Plaintiffs have stipulated that the named physician defendants are independent contractors, not employees of the United States. *See* ECF Nos. 25 at 2; 37 at ¶¶ 2.6, 2.7.

The Court finds this argument to be premature. Pursuant to this Court's scheduling order, Plaintiffs have until September 30, 2016 to move to amend the pleading and add parties, ECF No. 19 at 2, and, as discussed below, this Court is extending this deadline to November 30, 2016. Plaintiffs represent they will be identifying the presently unnamed health care providers with a timely motion to amend the complaint. ECF No. 41 at 2. Thus, the United States' motion to dismiss for failure to identify government actors pursuant to the FTCA is **DENIED with leave to renew**.

Next, the United States argues the Plaintiffs' claim that the VA hospital was negligent because it allowed Mr. Wright to be discharged without providing assistance to his transportation should be dismissed because there is no duty requiring the VA hospital to escort patients to their transportation. ECF No. 38 at 12. Based on this claim, the United States further argues that where no actionable duty to the injured plaintiff exists under state law, a cause brought pursuant to the FTCA is subject to dismissal for lack of subject matter jurisdiction. *Id.* at 19.

The Court finds the United States misstates Plaintiffs' allegations. In their first amended complaint, Plaintiffs do not allege that the VA hospital owed Mr. Wright a duty to escort him to his car, but rather, that the VA hospital had a duty to adhere to the accepted standard of care, and, given Mr. Wright's health condition and history, discharging him on crutches before the arrival and assistance of his

transportation constituted negligence and fell below the accepted standard of care, and these breaches were the proximate cause of his wrongful death. *See* ECF No. 37 at ¶¶ 9.1-9.5. Such an allegation is in line with the applicable statutory duty. *See* RCW 7.70.030(1) (stating that for a plaintiff seeking damages for injury as the result of health care may prevail by establishing that the "injury resulted from the failure of a health care provider to follow the accepted standard of care"). Pursuant to this statutory framework (which chapter is also specifically cited in the Amended Complaint) and in consideration of the early stage of the proceeding, Plaintiffs have generally stated a viable claim for negligence against the United States. The United States' motion to dismiss is **DENIED** as to this claim, at this time.

Lastly, the United States argues Plaintiffs' inference of negligence, or *res ipsa loquitur*, claim is insufficiently pleaded and does not apply to Plaintiffs' claims as a matter of law. ECF No. 38 at 7-8.

In a negligence action, the plaintiff bears the burden of producing evidence that the defendant breached its duty of care to the plaintiff and that such breach was the proximate cause of the plaintiff's injury. *See Miller,* 145 Wash.2d at 74. If there is an excusable lack of evidence with which to establish negligence, the doctrine of res ipsa loquitur allows a plaintiff to establish a prima facie case of negligence through circumstantial evidence. *Marshall v. Western Air Lines, Inc.,*

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 12

62 Wash.App. 251, 259 (1991). Though, "[i]t is ordinarily sparingly applied, in peculiar and exceptional cases, and only where the facts and the demands of justice make its application essential." *Curtis v. Lein*, 169 Wash.2d 884, 889-90 (2010) (quotations and citations omitted).

"Whether res ipsa loquitur applies in a given context is a question of law." *Id.* at 889. When res ipsa loquitur applies, it provides an inference as to the defendant's breach of duty. *See Miller,* 145 Wash.2d at 74; *see also Ripley*, 152 Wash.App. at 308 (explaining res ipsa loquitur may apply to both physicians and hospitals).

If the following three criteria are satisfied, res ipsa loquitur applies:

(1) [T]he occurrence producing the injury must be of a kind which ordinarily does not occur in the absence of negligence;

(2) the injury is caused by an agency or instrumentality within the exclusive control of the defendant; and

(3) the injury-causing occurrence must not be due to any contribution on the part of the plaintiff.

*Miller,* 145 Wn.2d at 74. "Whether an injury supports a reasonable and legitimate (as opposed to conjectural) inference of negligence requires that the context, manner, and circumstances of the injury are 'of a kind that do not ordinarily happen in the absence of someone's negligence.'" *Robison v. Cascade Hardwoods, Inc.*, 117 Wash. App. 552, 565-66 (2003) (quoting *Zukowsky v.*

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 13

*Brown,* 79 Wash.2d 586, 595 (1971)).  There are three recognized ways to make this showing:

> (1) When the act causing the injury is so palpably negligent that it may be inferred as a matter of law, i.e., leaving foreign objects, sponges, scissors, etc., in the body, or amputation of a wrong member;
>
> (2) when the general experience and observation of mankind teaches that the result would not be expected without negligence; and
>
> (3) when proof by experts in an esoteric field creates an inference that negligence caused the injuries.

*Pacheco v. Ames*, 149 Wash.2d 431, 436 (2003) (internal quotation marks omitted) (quoting *Zukowsky,* 79 Wash.2d at 595).

The Court finds Plaintiffs' claims are not sufficiently "peculiar and exceptional" for the doctrine of res ipsa loquitur to apply.  *See Curtis*, 169 Wash.2d at 889-90 (citations omitted).  Importantly, the allegations contained within the first amended complaint do not demonstrate that Mr. Wright's injury would not ordinarily occur in the absence of negligence. *Miller*, 145 Wash.2d at 72-73. While Mr. Wright's fall and resulting injury may have been due to negligence on part of the defendants, and Plaintiffs may or may not prove so, the fact that Mr. Wright fell may have happened for a number of reasons and is not obviously the result of another's negligence.  People fall every day and not necessarily as a result of the negligence of another.  The fact pattern alleged in the Amended Complaint

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 14

does not support a "reasonable and legitimate" inference of negligence, *i.e.* a sponge left in the body or the amputation of the wrong limb, but instead, requires "conjectural" inference on part of the defendants' alleged negligence. Thus, Plaintiffs' inference of negligence claim does not meet the first criteria of the res ipsa doctrine. *See Miller,* 145 Wn.2d at 74.

The second criteria of the res ipsa doctrine is also missing. When Mr. Wright was injured, he was not within the exclusive control of the defendant, he was on his own, making his way to his transportation home. Accordingly, the United States' motion to dismiss is **GRANTED** as to Plaintiffs' inference of negligence claim through application of the res ipsa loquitur doctrine.

**B. Motion to Stay Discovery**

The United States separately moves to stay discovery until the Court rules on the United States' motion to dismiss. ECF No. 53. If its request is denied, the United States requests the Court provide it additional time to respond to Plaintiffs' pending discovery requests. *Id.*

Because the Court only grants the United States' motion to dismiss in part, and the United States remains a party in this action, the motion to stay discovery is **DENIED**. The United States will have 20 days from the date of this order to respond to Plaintiffs' outstanding discovery requests.

//

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 15

### C. Motion to Extend Deadlines

Lastly, Plaintiffs move the Court to extend the September 30, 2016 deadline to move to amend pleadings and add parties. ECF No. 56. Plaintiffs argue such an extension is necessary because they have been unable to conduct depositions because of unavailability of counsel, and because, if the United States request for additional time to respond to discovery requests is granted, the United States will not respond within the present deadline.

For good cause shown, this Court **GRANTS** Plaintiff's motion to extend deadlines. Any motion to amend the pleadings and add parties shall be filed no later than November 30, 2016.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The United States' Motion to Dismiss (ECF No. 38) is **GRANTED in part** and **DENIED in part**, as explained in this Order. Plaintiffs' inference of negligence claim against the United States is **DISMISSED with prejudice**.

2. The United States' Motion to Stay Discovery (ECF No. 53) is **DENIED**. The United States has **20 days** from the date of this order to respond to Plaintiffs' outstanding discovery requests.

3. The United States' Motion to Expedite Hearing on Motion to Stay Discovery (ECF No. 54) is **GRANTED**.

4. Plaintiffs' Motion to Extend Deadlines to Amend Pleadings/Add Parties (ECF No. 56) is **GRANTED**. Any motion to amend the pleadings and add parties shall be filed no later than **November 30, 2016**.

5. Plaintiffs' Motion to Expedite Hearing on Motion to Extend Deadlines (ECF No. 57) is **GRANTED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 31, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS ~ 17