1  **RICHARD C. EYMANN**
   Eymann Allison Hunter Jones P.S.
2  2208 West Second Avenue
   Spokane, WA  99201
3  (509) 747-0101
   (509) 458-5977 (fax)
4

   **JOHN H. HOWARD,** *Pro Hac Vice*
5  Lowthorp, Richards, McMillan,
   Miller & Templeman
6  300 Esplanade Drive, Suite 850
   Oxnard, CA  93036
7  (805) 981-8555
   (805) 983-1967 (fax)
8  Attorneys for Plaintiffs

9           **UNITED STATES DISTRICT COURT FOR THE**
            **EASTERN DISTRICT OF WASHINGTON**
10

11 | ERIC WRIGHT, INDIVIDUALLY | No.  2:15-cv-00305-TOR |
   | AND IN HIS CAPACITY AS |  |
12 | PERSONAL REPRESENTATIVE | **PLAINTIFFS' SECOND** |
   | OF THE ESTATE OF STEVEN O. | **AMENDED COMPLAINT** |
13 | WRIGHT; AND, AMY SHARP, | **FOR MEDICAL** |
   | INDIVIDUALLY, | **MALPRACTICE AND** |
14 |                       Plaintiff, | **WRONGFUL DEATH** |
   | v. |  |
15 |  | **DEMAND FOR JURY** |
   | THE UNITED STATES OF | **TRIAL** |
16 | AMERICA; MEDFORD CASHION, |  |
   | M.D.; STAFF CARE, INC.; KARLA |  |
17 | LINTON, LPN; ELIZABETH |  |
   | FORD, RN |  |
18 |  |  |
   |                       Defendants. |  |
19

20

21 PLAINTIFFS' SECOND AMENDED COMPLAINT FOR
   MEDICAL MALPRACTICE AND WRONGFUL DEATH
   DEMAND FOR JURY TRIAL - 1

COME NOW Plaintiffs Eric Wright, individually and in his capacity as the Personal Representative of the Estate of Steven O. Wright, and Amy Sharp, individually, and allege as follows:

## I. JURISDICTION AND VENUE

1.1 This Court has subject matter jurisdiction over this action. This is an action arising under the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 1402(b), 2401(b) and 2671 - 2680, et seq., which provides this Court with exclusive jurisdiction in this matter.

1.2 Pursuant to the provisions of the Federal Tort Claims Act and prior to the commencement of this action, Plaintiffs presented an administrative claim for damages to the Department of Veteran Affairs, U.S. Government, c/o Regional Counsel, relating to the events and circumstances complained of herein. Said claim was timely presented on or about November 20, 2014. Defendant United States of America denied Plaintiffs' claim on May 5, 2015.

1.3 Pursuant to the doctrine of pendent jurisdiction governing the exercise by federal courts of subject matter jurisdiction over claims that lack an independent basis of jurisdiction, 28 U.S.C. § 1367, this court has jurisdiction over any and all pendent state statutory and common law claims.

1.4 Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district at the Spokane Veterans Administration Medical Center, located in Spokane, Washington.

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR
MEDICAL MALPRACTICE AND WRONGFUL DEATH
DEMAND FOR JURY TRIAL - 2

## II. PARTIES

2.1   Plaintiff Eric Wright is a resident of Westminister, Colorado. He is the son of Steven O. Wright, deceased and the Personal Representative of the Estate of Steven O. Wright.

2.2   Plaintiff Amy Sharp is a resident of Thousand Oaks, California. She is the daughter of Steven O. Wright, deceased.

2.3   Plaintiffs Amy Sharp and Eric Wright are the only two persons who have standing to bring a wrongful death cause of action for the death of Steven O. Wright.

2.4   Plaintiffs are informed and believe that at all times herein mentioned that Defendant United States of America and its agents, servants and employees were the owners, operators, maintainers, and controllers of the Mann-Grandstaff VA Medical Center. [Sentence removed]

2.5   If Defendant United States of America was a private person, it would be liable to Plaintiffs in accordance with the laws of the State of Washington.

2.6   Defendant Medford Cashion, M.D. is a physician licensed to practice medicine in the state of Washington and practicing medicine in Spokane, Washington. Medford Cashion, M.D. is a healthcare provider under RCW 7.70.020. Medford Cashion, M.D., was negligently, carelessly, recklessly, strictly or otherwise responsible in some manner for the events and happenings herein referred to and caused damages directly and proximately thereby to Plaintiffs.

1   Alternatively, pursuant to the doctrine of pendent jurisdiction governing the
2   exercise by federal courts of subject matter jurisdiction over claims that lack an
3   independent basis of jurisdiction, 28 U.S.C. § 1367, this court has jurisdiction over
4   any and all pendent state statutory and common law claims.

5       2.7   Defendant Elizabeth Ford, RN was an employee of Defendant United
6   States of America. Elizabeth Ford was negligently or [words omitted] otherwise responsible in
7   some manner for the events and happenings herein referred to and caused damages
8   directly and proximately thereby to Plaintiffs. Elizabeth Ford, RN is a healthcare
9   provider under RCW 7.70.020.

10      2.8   Defendant Karla Linton, LPN was an employee of Defendant United
11  States of America. Karla Linton, LPN was negligently or [words omitted] otherwise responsible in
12  some manner for the events and happenings herein referred to and caused damages
13  directly and proximately thereby to Plaintiffs. Karla Linton, LPN is a healthcare
14  provider under RCW 7.70.020.

15      2.9   Defendant Staff Care, Inc. was the agent contracting workers for the
16  United States of America. All acts and/or omissions as alleged herein against Staff
17  Care, Inc. were done within the scope of their agency through the United States of
18  America. Defendant Medford Cashion, M.D. was the agent, employee, or
19  representative of Staff Care, Inc., and was acting under its direction and control
20  through the Veterans' Administration. All acts and/or omissions as alleged herein
21  against Medford Cashion, M.D. were done within the scope of his agency and/or

employment with defendant Staff Care, Inc. through the Veterans' Administration. Alternatively, pursuant to the doctrine of pendent jurisdiction governing the exercise by federal courts of subject matter jurisdiction over claims that lack an independent basis of jurisdiction, 28 U.S.C. § 1367, this court has jurisdiction over any and all pendent state statutory and common law claims.

2.10  At all times hereinafter mentioned, Defendants, and each of them, were and still are physicians, medical clinics, medical groups, nurses, nurses' aides, orderlies, pharmacists, medical personnel, nursing agencies, laboratories, laboratory testing personnel, and hospital staff duly licensed to practice their professions as provided by the laws of the State of Washington, engaged in the practice of providing medical care and treatment in Washington, and hold themselves out as possessing that degree of skill, knowledge, and ability normally exercised by competent physicians, hospitals, clinics, and healthcare facilities in the community.

2.11  At all times herein mentioned, each of the Defendants sued herein were the agent, alter ego, servant and/or employee of each other each said co-Defendant was, as such, acting within the time, place, purpose and scope of the said agency, service and employment; each of the Defendants, as aforesaid, when acting as a principle, was negligent in the selection and hiring of each and every other Defendant as an agent, servant and employee, and furthermore expressly directed, consented to, approved, affirmed and ratified each and every action taken

1  by the co-Defendants. Alternatively, pursuant to the doctrine of pendent
2  jurisdiction governing the exercise by federal courts of subject matter jurisdiction
3  over claims that lack an independent basis of jurisdiction, 28 U.S.C. § 1367, this
4  court has jurisdiction over any and all pendent state statutory and common law
5  claims.

6                              **III. FACTS**

7    3.1   On or about July 27, 2014, 70-year-old Steven O. Wright (hereinafter
8  "Wright") fell down at his home and injured his left leg and/or knee.

*[words omitted]*

9    3.2   Wright presented to the Emergency Department of the Mann-
10 Grandstaff VA Medical Center on August 2, 2014, approximately one week after
11 his fall.

12   3.3   Wright was a known fall risk. Wright was unable to bear weight on his
13 left leg and/or knee, which had purplish discoloration and severe anasarca/edema.

14   3.4   Wright's was taking Warfarin for chronic atrial fibrillation. Wright's *[change in pronoun]*
15 INR was 1.5, which is subtheraputic. [Jill Palmer, RN administered 5mg of
16 Warfarin and 100 mg of enoxaparin to Wright.] *was a separate paragraph*

17   3.5   Wright was transferred into a wheelchair and escorted by a friend to
18 have x-rays taken of his left leg and chest. [Chest x-rays were performed because of
19 Wright's pulmonary edema and/or shortness of breath.] *was a separate paragraph*

20
21

3.6   Wright was transferred to a stretcher and taken by ambulance to Holy Family Hospital to have an MRI performed of his left leg. [Upon returning from Holy Family Hospital, Wright was evaluated by Dr. Cashion and discharged.] *was a separate paragraph*

3.7   Karla Linton, LPN did not insist on escorting Wright to his transportation. Wright ambulated on crutches to the parking lot of the Mann-Grandstaff VA Medical Center without assistance.

3.8   Wright fell on the premises of the Mann-Grandstaff VA Medical Center striking his head on a metal wheelchair return rack and/or the pavement. [Wright was prone on the wheelchair return rack without assistance until his friend, who had arrived to take him home, noticed him there and summoned for help.] *was a separate paragraph*

3.9   Matt Haugen, RN, an employee of Defendant United States of America, transported Wright back inside the emergency room in a wheelchair. Elizabeth Ford, RN assumed the care of Wright and assigned him an ESI level of 4.

3.10   Karla Linton, LPN walked past the room where Wright was being treated and noticed the laceration(s), skin abrasion(s), and/or contusion(s) to the Wright's forehead.

3.11   In Karla Linton's professional opinion, diagnostic testing, such as a CT scan, needed to be performed on Wright.

3.12   Karla Linton, LPN made a verbal report within the "chain of command" to the charge nurse, Defendant Elizabeth Ford, RN, that Wright needed

to receive diagnostic testing because he had suffered a head injury while on an anticoagulant medication.

3.13   In Elizabeth Ford's professional opinion, Wright needed diagnostic testing, such as CT scan and/or he needed to remain at the hospital for overnight for observations.

3.14   Elizabeth Ford did not make any verbal or written reports within the "chain of command" advocating for Wright to receive diagnostic testing for his head injury and/or for him being admitted to the hospital.

3.15   Elizabeth Ford administered a tetanus vaccine to Wright, then she cleaned and dressed the abrasion on Wright's forehead. Wright was then discharged from the Mann-Grandstaff VA Medical Center without receiving diagnostic testing. [words removed]

3.16   Wright was found deceased in his home early on August 3, 2014.

3.17   During the aforementioned August 2, 2014 evaluation and treatment of Wright, Defendants, and each of them, were employed to examine, diagnose, test, prescribe, dispense, treat, inject, operate on and provide care for Wright in connection with his conditions and injuries.  During the aforementioned medical treatment including, but not limited to, the initial discharge of Wright on crutches without assistance of staff and/or his transportation, the failure to conduct necessary diagnostic testing, the nurse(s) not acting as a patient advocate, Defendants, and each of them, performed said treatment in a manner which was

negligent and below the applicable standard of care which resulted in the premature and untimely death of Wright.

3.18  Defendants, and each of them, failed to exercise that degree of skill, ability, and learning normally possessed and exercised by competent physicians, surgeons, hospitals, clinics, and healthcare facilities in the community (which is a national standard of care), thus breaching such legal duty to provide competent care to Wright. This breach of care is the direct and proximate cause of the death of Wright.

3.19  Prior to his death, Wright was a loving father to his children, who were the recipients of his love, companionship, comfort, care, protection, affection, society and moral support. As a direct, proximate and legal result of the aforementioned wrongful conduct and negligence of Defendants, and each of them, Plaintiff children have sustained general and special damages, all in amounts to be proven at the time of trial.

## IV. CAUSE OF ACTION FOR MEDICAL MALPRACTICE AND WRONGFUL DEATH
(All Plaintiffs against All Defendants)

4.1  Plaintiffs incorporate herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding paragraphs. Washington law provides that when the death of a person is caused by the wrongful act, neglect or fault of another, his personal representative may maintain an action for damages against the person or entities causing the death.

1 | Washington law further provides that wrongful death actions shall be for the
2 | benefit of the wife, husband, state registered domestic partner, child or children,
3 | including stepchildren, of the person whose death shall have been so caused. RCW
4 | 4.20.010, 4.20.020, 4.20.046 and 4.20.060. This cause of action is brought in
5 | accordance with said Washington State statutes.

6 |     4.2   Wright sustained injuries due to the negligence and violations of RCW
7 | 7.70, et seq. of the Defendants, including the failure to exercise reasonable
8 | prudence under the circumstances by initially discharging Wright, failure to
9 | conduct necessary diagnostic testing, failure to retain Wright for observations, and
10 | failure to advocate for appropriate treatment.

11 |     4.3   All Defendants failed to possess or exercise the degree of care, skill
12 | and learning of a reasonably prudent specialist of the same specialty claimed by the
13 | defendants in the state of Washington, acting in the same or similar circumstances.
14 | Their standard of care is a national standard of care. Plaintiffs' claims include, but
15 | are not limited to, discharging and releasing Wright, whom was a known fall risk,
16 | from the Mann-Grandstaff VA Medical alone on crutches before the arrival and
17 | assistance of his transportation and/or without the assistance of staff; failure to
18 | advocate for appropriate care for a patient; failure to retain Wright for overnight
19 | observation; and failure to perform appropriate diagnostic testing.

20 | \ \ \

21 | \ \ \

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR
MEDICAL MALPRACTICE AND WRONGFUL DEATH
DEMAND FOR JURY TRIAL - 10

## V. INFORMED CONSENT

5.1   Plaintiffs incorporate herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding paragraphs. Defendants, and each of them, failed to inform Wright of a material fact or facts relating to their care and treatment.

5.2   Wright consented to the care and treatment without being aware of or fully informed regarding such material fact or facts. A reasonably prudent patient under the same or similar circumstances would not have consented if informed of such material fact or facts.

5.3   The above identified failures of the Defendants include, but are not limited to, the Defendants knowing that a patient who suffering even mild head trauma while taking anticoagulant medication, such as Warfarin, has a risk of intracranial bleeding. The Defendants failure to disclose this information and/or the need for diagnostic testing made Wright unaware of his bodily condition, and therefore, unable to decide what should be done. A reasonably prudent patient under the same or similar circumstances would not have consented to being discharged and/or forgoing appropriate diagnostic testing, such as a cranial computed tomography (CT) scan, if properly informed of the risk.

## VI. NEGLIGENCE OF THE UNITED STATES OF AMERICA

6.1   Plaintiffs incorporate herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding

1  paragraphs. Plaintiffs sustained injuries and damages due to the negligence of the

2  United States of America [words removed] and its employees due to their negligence and violations

3  of RCW 7.70, et seq. including the failure to exercise reasonable prudence under

4  the circumstances.

5  6.2  Defendant United States of America [words removed] further failed to possess or

6  exercise the degree of care, skill and learning of reasonably ["a" removed] prudent hospital acting

7  in the same or similar circumstances. The standard of care is a national standard of

8  care.

9  6.3  Defendant United States of America [words removed] further failed to possess of

10 exercise the degree of care, skill and learning or reasonably prudent hospitals in the

11 state of Washington, acting in the same or similar circumstances.

12 6.4  The above identified failures of defendant United States of America [words removed]

13 include, but are not limited to, discharging and releasing Steven O. Wright, a

14 known fall risk, from the Mann-Grandstaff VA Medical ["alone" removed] on crutches before the

15 arrival and assistance of his transportation and/or without the assistance of staff

16 and/or the failure of nurse(s) to advocate for appropriate care for a patient.

17 6.5  The failures of the United States of America [words removed] was a proximate cause of

18 Wright falling and his head being injured, which required Wright to need further

19 medical treatment and was a contributing cause of his death.

20 6.6  The administration by Defendants fell below the appropriate standard

21 of care. The decisions of Defendant United States of America and its employees [words removed]

fell below the accepted standard of care for hospitals and/or healthcare providers.

## VII. NEGLIGENCE OF BUSINESS ENTITIES

7.1  Plaintiffs incorporate herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding paragraphs. Plaintiffs sustained injuries and damages due to the negligence and violations of RCW 7.70, et seq. by defendant Staff Care, Inc., its professional employee physicians, delegates, agents, administrators, staff, representatives or employees in failing to exercise reasonable prudence under the circumstances.

7.2  Defendant Staff Care, Inc.'s professional employee physicians, staff, resident staff, nurses, technicians and/or other employees or their delegates further failed to possess or exercise the degree of care, skill and learning of reasonably prudent specialists of the same specialty claimed by said individuals in the state of Washington, acting in the same or similar circumstances.

7.3  Defendant Staff Care, Inc.'s professional employee physicians, staff, resident staff, nurses, technicians and/or other employees or delegates further failed to possess or exercise the degree of care, skill and learning of reasonably prudent health care providers in the state of Washington, acting in the same or similar circumstances.

[Two paragraphs removed]

## VIII. DAMAGES

8.1  As a direct and proximate result of the acts of negligence described above, and the resulting untimely death of Steven O. Wright, the Estate of Steven

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR
MEDICAL MALPRACTICE AND WRONGFUL DEATH
DEMAND FOR JURY TRIAL - 13

Exhibit B - 21

O. Wright has sustained general and special damages for pain and suffering, including fear, terror and anguish at the prospect of a hastened death, loss of enjoyment of life, as well as damages for funeral and burial expenses and other out-of-pocket expenses, all in amounts to be proven at trial.

8.2   As a further direct and proximate result of the numerous acts of negligence described above, and the resulting untimely death of Steven O. Wright, plaintiffs Eric Wright and Amy Sharp, the adult children of Steven O. Wright, have sustained damages as a result of his father's death. Their damages include, but are not limited to, loss of the parent-child relationships, loss of their father's love, affection, care, companionship, society, guidance, services, all in amounts to be proven at trial.

## IX. JURY DEMAND

9.1   Plaintiffs request this case be tried by a jury.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

1.   For general and other damages, all in amounts to be proven at the time of trial;

2.   For special damages including, but not limited to, funeral and burial expenses, out-of-pocket expenses, and such other special damages, all in amounts to be proven at the time of trial;

3. For an award of damages against defendants sufficient to fully compensate for Steven O. Wright's pain and suffering, including fear, terror and anguish at the prospect of a hastened death, loss of enjoyment of life, all, in amounts to be proven at the time of trial;

4. For an award against defendants to Steven O. Wright's adult children, Eric Wright and Amy Sharp for the loss of the parent-child relationships with their father, Steven O. Wright, in amounts to be proven at the time of trial;

5. For prejudgment interest;

6. Plaintiffs' costs and disbursements incurred herein;

7. For reasonable attorneys' fees; and,

8. For such other and further relief as the Court may deem just and equitable.

Dated this 2nd day of February, 2017.

        EYMANN ALLISON HUNTER JONES, P.S.

        By:  /s/ Richard C. Eymann
              RICHARD C. EYMANN, WSBA #7470
              Attorneys for Plaintiffs

        LOWTHORP, RICHARDS, McMILLAN, MILLER & TEMPLEMAN

        By:  /s/ John H. Howard
              JOHN H. HOWARD, CSBA #98127
              Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participants:

| | |
|---|---|
| Rudy J. Verschoor | Rudy.J.Verschoor@usdoj.gov |
| Joseph Derrig | Joseph.Derrig@usdoj.gov |
| Amanda K. Thorsvig | Amanda@favros.com |
| Scott O' Halloran | Scott@favros.com |

                                                s/Richard C. Eymann
                                                RICHARD C. EYMANN

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR
MEDICAL MALPRACTICE AND WRONGFUL DEATH
DEMAND FOR JURY TRIAL - 16