# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC WRIGHT, individually and in his capacity as personal representative of the ESTATE OF STEVEN O. WRIGHT; and AMY SHARP, individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; MEDFORD CASHION, M.D.; STAFF CARE, INC.,<br><br>Defendants. | NO: 2:15-CV-0305-TOR<br><br>ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant United States of America's Motion for Summary Judgment (ECF No. 94), Motion to Exclude (ECF No. 107) and corresponding Motion to Expedite (ECF No. 108). These matters were submitted without oral argument. The Court has reviewed all the briefing and files herein, and is fully informed.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 1

For the reasons discussed below, Defendant's Motion for Summary Judgment (ECF No. 94) is **GRANTED**; Defendant's Motion to Exclude (ECF No. 107) and Expedite (ECF No. 108) are **DENIED AS MOOT**.

## BACKGROUND[1]

Eric Wright visited the Emergency Department at the VA medical center and hospital in Spokane, Washington on August 2, 2014. Mr. Wright came to the hospital complaining of knee pain resulting from a fall approximately one week earlier. ECF No. 84 at ¶¶ 3.1-3.2. Mr. Wright came to the hospital using a crutch and was further able to ambulate without other assistance during his stay at the hospital. *See* ECF No. 100 at ¶¶ 6, 9. After a series of tests lasting most of the day, Mr. Wright was discharged from the hospital. ECF No. 100 at ¶ 9.

While Mr. Wright was waiting in the hospital for his ride home, Karla Linton, LPN, despite seeing Mr. Wright was ambulating on his own accord, informed Mr. Wright that she would escort him out of the hospital via wheelchair when his friend arrived to take him home. ECF No. 95-2 at 118. While Mr. Wright was leaving the hospital, Nurse Linton twice repeated her offer to help

---

[1] Unless otherwise noted, the underlying facts are not in dispute. *Compare* ECF Nos. 94; 95, *with* ECF Nos. 97; 102.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 2

escort Mr. Wright via wheelchair, which he refused.[2]  ECF No. 95-2 at 118.  Upon leaving the hospital, Mr. Wright fell and hit his head.  ECF No. 84 at ¶¶ 3.7-3.8.

Mr. Wright was readmitted and Dr. Cashion examined his head injury.  Elizabeth Ford, RN, was the charge nurse and assisted Dr. Cashion with Mr. Wright's further examination.  ECF No. 84 at ¶ 3.9.  Nurse Linton became aware of Mr. Wright's fall and injury and, worried about blood thinning medication given to Mr. Wright, Nurse Linton told Nurse Ford that she believed Mr. Wright should be given a CT scan and should remain at the hospital overnight for observations.  ECF No. 84 at ¶¶ 3.11-12.  Nurse Ford also believed Mr. Wright needed a CT scan and that he should remain at the hospital, and she discussed this option with Dr. Cashion.  ECF No. 84 at ¶¶ 3.13.  Dr. Cashion reviewed the file and chose to discharge Mr. Wright.  ECF No. 84 at ¶ 3.6.

Plaintiffs contend that nurses Linton and Ford did not do enough to meet the standard of care and that Defendant United States of America is liable for their conduct under the Federal Tort Claims Act.

//

---

[2]  Plaintiffs' bald assertion that Nurse Linton may have been mistaken as to this point, *see* ECF No. 99 at 11, does not create a genuine issue.  *See Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 345 (9th Cir. 1995).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 3

## STANDARD OF REVIEW

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "where the ultimate fact in dispute is destined for decision by the court rather than by a jury, there is no reason why the court and the parties

should go through the motions of a trial if the court will eventually end up deciding on the same record." *TransWorld Airlines, Inc. v. Am. Coupon Exch., Inc.*, 913 F.2d 676, 684 (9th Cir. 1990).

## DISCUSSION

Plaintiffs' medical negligence claim against Defendant is based on two arguments: (1) Nurse Linton did not meet the standard of care when she offered Mr. Wright assistance, contending Nurse Linton had a duty to "insist" and try to "convince" Mr. Wright that he should accept wheelchair assistance and (2) Nurse Ford did not meet the standard of care when she discussed the possibility of giving Mr. Wright a CT scan with Dr. Cashion, contending she should have done more. *Compare* ECF Nos. 94; 104, *with* ECF Nos. 97; 106.

A cause for medical negligence generally requires expert testimony to establish the standard of care and causation. *Harris v. Robert C. Groth, M.D., Inc., P.S.*, 99 Wash. 2d 438, 449 (1983); *Frausto v. Yakima HMA, LLC*, 393 P.3d 776, 779 (2017). The crux of Defendant's request for summary judgment is that Plaintiffs' expert testimony is inadequate and is not sufficient to survive summary judgment. Defendants reason that the testimony rests on the *ipse dixit* of the expert; is devoid of any support or explanation; and that the testimony is not a product of reliable principles or methods.

//

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony. Per Rule 702, a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" only if:

a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
b) the testimony is based on sufficient facts or data;
c) the testimony is the product of reliable principles and methods; and
d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Defendant is correct—Nurse O'Neill's declaration states that her opinion is based on her training, experience, and knowledge, but otherwise does not provide a basis for the proposed standard of care or any explanation other than a bald conclusion that nurses Linton and Ford's conduct fell below the standard of care by failing to do more. *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995) ("We've been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under *Daubert*, that's not enough."); *see Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap

between the data and the opinion proffered."); *see also Johnson v. Kelly*, 2017 WL 1838140, at *4 (W.D. Wash. May 8, 2017) ("the court cannot conclude that a non-scientific expert's proffered testimony is reliable unless the expert explains the manner in which her knowledge and experience support her conclusions."). Without an adequate expert opinion on this point, Defendant is entitled to summary judgment.

Even accepting Nurse Linton had a duty to insist and attempt to persuade, as Plaintiffs' expert baldly asserts, ECF No. 101 at ¶¶ 11-13, Nurse Linton met this duty. Nurse O'Neill's declaration fails to note that Nurse Linton offered wheelchair assistance to Mr. Wright not once, but three times, and fails to explain why this was not enough. ECF No. 97-2 at ¶ 6. Nurse Linton's conduct is tantamount to an insistence and a reasonable attempt to persuade Mr. Wright, especially in light of the uncontroverted fact that Mr. Wright was able to successfully ambulate the week before visiting the hospital and during his visit of the hospital. The opinion that a reasonable nurse would have done more is completely unsupported. Nurse O'Neill's assertion that Mr. Wright would be amenable to persuasion is further outside of Nurse O'Neill's area of expertise.

As for Nurse Ford, Nurse O'Neill opines that a nurse has a duty to advocate for appropriate care and must go up the chain of command to ensure the patient's care where the nurse believes the patient's safety may be in jeopardy. ECF No.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 7

101 at ¶ 14. Even accepting Nurse O'Neill's opinion that a nurse has a duty to advocate for proper care, Nurse Ford met this standard by discussing additional testing with Dr. Cashion, who determined neither were necessary. Nurse O'Neill's opinion, if counted as true, would render a nurse liable because she disagreed with the doctor and did not go above the doctor for a second opinion. This is not the law in Washington:

> Like pharmacists, nurses do not owe a duty to patients that would place them in a position to second-guess the physician or otherwise substitute their judgment in place of that provided by the physician.

Duty of nurses, 16 Wash. Prac. Tort Law And Practice § 16:21 (4th ed.) (citations omitted); *see also Silves v. King*, 93 Wash. App. 873, 883–84 (1999) ("Mr. Silves also argues that the nurse had a duty to consult with Dr. King about the potentially harmful effects of indomethacin. We decline to impose such a duty here, for the reasons earlier discussed as to whether the pharmacist had such a duty: the prescription contained no clear error or mistake. We also doubt the propriety of imposing on a discharge nurse the duty to recognize such an error or mistake even if it exists, but we need not address that issue here.").

Plaintiffs have not met their burden in establishing a genuine issue of fact and Defendant has demonstrated it is entitled to summary judgment on all claims.

//

//

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 8

# DISMISSING REMAINING CLAIMS

Plaintiffs asserted federal jurisdiction under the Federal Tort Claims Act based on their claim against United States of America for Nurse Linton and Nurse Ford's allegedly negligent conduct. ECF No. 84 at ¶ 1.1. Plaintiffs' remaining claims against Dr. Cashion and Staff Care were entertained under pendent jurisdiction. ECF No. 84 at ¶ 1.3. As discussed above, the claims on which federal non-pendent jurisdiction were premised fail. This gives rise to the question of whether it would be proper to allow the remaining claims to proceed in federal court or whether they should be dismissed with leave to file suit in state court.

Generally, a district court will dismiss an action based solely on pendent jurisdiction when the remaining claims are dismissed. As the Supreme Court has noted:

> [P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (footnotes omitted). "Under *Gibbs,* a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience,

fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* (footnote removed).

Plaintiffs claim accrued on August 2, 2014, at the earliest. *See* ECF No. 84 at ¶ 3.2. The statute of limitations for a personal injury action in Washington is three years. RCW 4.16.080(2); *Deggs v. Asbestos Corp. Ltd.*, 188 Wash. App. 495, 499 (2015). Moreover, 28 U.S.C. § 1367(d) provides for the tolling of the period of limitations while these supplemental claims were pending and for 30 days after they are dismissed. Trial has not begun and all discovery can be rolled over into a state court action. There does not appear to be any substantial prejudice outweighing the general tendency to dismiss pendent actions when only state-law claims remain.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 94) is **GRANTED**;
2. Defendant's Motion to Exclude (ECF No. 107) and Expedite (ECF No. 108) are **DENIED AS MOOT**.

3. The remaining claims are **DISMISSED WITH LEAVE TO FILE SUIT IN STATE COURT.**

The District Court Clerk is directed to enter this Order, and Judgment accordingly, provide copies to counsel, and **CLOSE** the file.

**DATED** June 14, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 11